**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br><br>VS.<br><br>CARLOS MALDONADO-VARGAS<br>Defendant | **CASE #: 3:16-CR-661-01 (GAG)** |

# Order Reassigning Case to Visiting United States District Judge John A. Woodcock

Defendant Carlos Maldonado-Vargas was convicted following a jury trial of one count of securities fraud and fifteen counts of bank fraud in violation of 15 U.S.C. secs. 78(j) & (ff)(a) and 18 USC sec 1344, respectively. As reflected in the presentence investigation report the offense conduct involves approximately fifty victims and a conservative loss amount of $3,786,270. See Presentence Report at Docket No. 153.

The applicable sentencing guideline is as follows: a total offense level of 33 and criminal history category of I, yielding an imprisonment range of 135-168 months. The government is seeking a within guidelines sentence of 156 months which would amount to approximately one month of imprisonment for each victim, given that the actual number thereof is actually higher than reflected in the presentence report. See Sentencing Memorandum at Docket No. 157; presentence report at parr. 39. The government also vehemently opposed any downward variance. Id. Docket No. 157.

Defendant, in turn, asks for a non-imprisonment sentence, pursuant to 18 USC sec 3553(a), and following the Court's denial of his objections to the presentence report. See Order at Docket No. 150. In his sentencing memorandum (Docket No. 151) he posits mitigating factors such as, but not limited to, the precarious health of both him and his wife, the economic stability of his family, the lack of adequate medical treatment in the Bureau of Prisons, his low recidivism risk, and his difficult upbringing.

As Exhibit 7 to his Sentencing Memorandum (Docket No. 151-7), filed on July 14, 2021, defendant includes a character letter vouching for leniency. This letter — which is what has prompted the present order — is signed by Elena (Helen) Serrano, who happens to be the Court's CVB and Court Services Clerk and formerly assistant for several years to the retired Clerk of Court. The letter is signed by her and includes her current official work title. It also mentions several of the mitigating factors raised by defendant in his Sentencing Memorandum.

On today's date the Court held an emergency hearing to address the letter now at issue. The Court informed the parties that the employee had undoubtedly violated several of the canons of the Code of Conduct for Judicial Employees by submitting said letter. More important, the Court expressed its deep concern as to the integrity of the judicial proceedings in question should he continue to preside over sentencing. In the Court's view, this case involves a large number of actual victims. In fact, the prosecutor informed that between 30-35 victims would be virtually present at the sentencing hearing, while 5 others would be there in person to address the Court. Moreover, should the Court, in fact, sentence defendant to any downward variant sentence the victims will reasonably interpret this as a travesty of justice and a victory to defendant because a federal court employee vouched on his behalf. Thus, while disqualification itself is not required, the Court stated it was inclined to transfer the case to a visiting judge to safeguard the integrity and transparency of the judicial process itself.

Both prosecution and defense counsel, notwithstanding, would prefer that the undersigned district judge preside over sentencing. This, given that it was this judge who presided over the eight day trial, has made all rulings, and is most familiar with the case. In addition, this case is over four years old and all would like to see it come to a close.

While the parties are correct in that the preceding solution is indeed the most practical one, this concern is greatly outweighed by the public and victim's expectation of a transparent process. "The operations of the courts and the judicial conduct of judges are matters of utmost public concern". <u>Landmark Commc'ns, Inc. v. Virginia</u>, 435 U.S. 829, 839 (1978). While certainly the Court can sentence defendant without being influenced by the employee's letter, the public and victims — unlike the prosecutor and defense counsel — will not necessarily understand that. Should the Court sentence defendant to a downward variant sentence, or even to one within the guidelines yet lower than that sought by the government, they will erroneously perceive our

judicial system as one where a criminal defendant who knows a court insider can avoid the strong arm of the law. Worse, they will also come to understand that justice and federal judges can be bought. This conundrum applies to the matter of restitution as well.

In the undersigned's twenty years on the federal bench, this is the first time something of this nature has ever occurred. As an Article III officer and chief judge of the Court, it is incumbent that foremost I protect the integrity and independence of our nation's judiciary. <u>See</u> Canon 1A Code of Judicial Conduct ("An independent and honorable judiciary is indispensable to justice in our society"). This, despite inconveniences to the parties, the undersigned and other judicial officers.

Accordingly, and as an extraordinary measure to protect the integrity and transparency of the judicial process the Court hereby orders the transfer of this case for sentencing to the Honorable John A. Woodcock, Senior United States District Judge from the District of Maine.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 20th day of July, 2021.

<u>S/ GUSTAVO A. GELPI</u>
Gustavo A. Gelpi
U.S. District Judge