# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | No. 3:16-cr-661-01-JAW |
| ) | |
| CARLOS MALDONADO-VARGAS, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING GOVERNMENT'S MOTION FOR MONEY JUDGMENT**

Where the government failed to comply with the provisions of Federal Rule of Criminal Procedure 32.2 in its claim for a criminal monetary judgment and waited until the sentencing hearing to make its request, the Court concludes that the government waived its right to a criminal monetary forfeiture.

**I.    BACKGROUND**

On October 20, 2016, a federal grand jury for the District of Puerto Rico issued a sixteen-count indictment against Carlos Maldonado-Vargas, alleging that he engaged in securities fraud in violation of 15 U.S.C. § 78j(b) and 78ff(a) and bank fraud in violation of 18 U.S.C. § 1344. *Indictment* (ECF No. 1). On December 10, 2019, at the end of an eight-day trial, a federal jury convicted Mr. Maldonado-Vargas of all sixteen counts. *Jury Verdict* (ECF No. 117).[1] On July 15, 2021, the United States Probation Office (PO) prepared a revised Presentence Investigation Report (PSR) and recommended that the Court impose a restitution order, pursuant to 18 U.S.C. § 3663A, requiring Mr. Maldonado-Vargas to repay forty-four victims a total

---

[1]    On July 20, 2021, Gustavo Gelpí, then Chief Judge of the United States District Court of Puerto Rico, assigned this case to this Judge. *Order* (ECF No. 160).

of $2,180,234.20. *PSR* ¶ 145. On December 21, 2021, the Court issued a sentencing order, which ruled that the victims set forth in the PSR were entitled to restitution for their direct actual losses under 18 U.S.C. § 3663A. *Sentencing Order* (ECF No. 178).

On September 12, 2022, the Court held a sentencing hearing and sentenced Mr. Maldonado-Vargas to 135 months of incarceration, no fine, supervised release of five years, and a special assessment of $1,600. At the sentencing hearing, the Government requested that the Court issue a money judgment in the amount of $3,222,944.53. The Court deferred ruling on the Government's request and ordered the parties to file expedited memoranda. The Court turns to the Government's request for a money judgment against the Defendant.

## II.     THE FACTS AS RELATED TO THE MONEY JUDGMENT

The indictment against Mr. Maldonado-Vargas originally requested a forfeiture against the Popular Bank Account for Business Planning Resources International Corporation (BPRIC). *Indictment* at 12-13. The forfeiture allegation demanded the forfeiture of a sum of money equal to $2,900,000, a Banco Popular of Puerto Rico account for BPRIC, and all monies traceable to the offenses. *Id.* at 12. Following the guilty verdicts on December 10, 2019, the Government did not request jury determination of the forfeiture allegations and the forfeiture allegations were never submitted for jury resolution.

The PSR makes one reference to the forfeiture allegation, *PSR* ¶ 2, noting only that there was a forfeiture allegation in the indictment. In the rest of its thorough

PSR, the PO did not discuss the imposition of a forfeiture in the PSR. *PSR* ¶¶ 1-158. Neither the Government nor Mr. Maldonado-Vargas mentioned a forfeiture of specific property or a money judgment in their sentencing memoranda. *See United States Sentencing Mem.* at 1-16 (ECF No. 157); *Def.'s Sentencing Mem.* at 1-26 (ECF No. 151).

There is no evidence in this record that the Government complied with the procedure set forth in Federal Rule of Criminal Procedure 32.2 for the determination of the amount of the forfeiture or in moving for and obtaining a preliminary order of forfeiture. FED. R. CRIM. P. 32.2(b)(1)(A-B).

At the sentencing hearing, the Government conceded that the forfeiture had not been submitted to the jury but urged the Court to issue a money judgment against the Defendant based on the evidence in the record. Mr. Maldonado-Vargas objected to the proposed money judgment. As the issue of a money judgment had not been previously raised, the Court ordered counsel to file memoranda on whether a forfeiture in the form of a money judgment should issue and, if so, how the Court should fix the amount of the money judgment. The Court ordered that the parties expedite the memoranda because the Court could not delay the docketing of the criminal judgment and under Rule 32.2, the forfeiture had to be contained in the criminal judgment.

On September 14, 2022, the Government submitted its memorandum, along with the basis for the requested $3,222,944.53 money judgment against Mr. Maldonado-Vargas. *Mem. in Supp. of U.S.'s Request for Money Judg.* (ECF No. 189)

(*Gov't's Mem.*).   On September 14, 2022, Mr. Maldonado-Vargas submitted his memorandum opposing a money judgment order.  *Mot. in Compliance with Order* (ECF No. 190) (*Def.'s Opp'n*).

## III.   THE PARTIES' POSITIONS

### A.   The Government's Position

Claiming that a money judgment in the amount of $3,222,944.53 is justified by the "evidence heard at trial and allowed by law," the Government refers to trial exhibits that it contends justify its $3,222,944.53 request.  *Gov't's Mem.* at 5-12.  The Government does not, however, address the procedure set forth in Federal Rule of Criminal Procedure 32.2 and the implications of the failure to follow the procedure in the Rule.

### B.   Carlos Maldonado-Vargas' Opposition

In his response, Mr. Maldonado-Vargas emphasizes the Government's failure to follow the procedural requirements of Rule 32.2.  *Def.'s Opp'n* at 2-7.  He argues that to issue a money judgment after the sentencing hearing would be "contrary to law."  *Id.* at 7.

## IV.   DISCUSSION

### A.   The Law Governing Money Judgments

In *United States v. Zorrilla-Echevarría*, 671 F.3d 1 (1st Cir. 2011), the First Circuit described the process Rule 32.2 requires for the imposition of a forfeiture.  *Id.* at 5-6.  Noting that there are "three different types of criminal forfeiture" and that the "relevant statutory provisions, and applicable procedures, vary between the

types," the First Circuit focused on the differences between a forfeiture of specific assets and an in personam money judgment. *Id.* at 5. The First Circuit noted that the "beginning of the forfeiture process is the same for both types." *Id.* First, the Government must "include notice of intent to seek forfeiture in the indictment." *Id.* This was done in this case. Second, "as soon as practicable after a verdict or guilty plea, 'the court must determine what property is subject to forfeiture under the applicable statute.'" *Id.* (quoting FED. R. CRIM. P. 32.2(a), (b)). This was not done in this case.

Then, as the *Zorrilla-Echevarría* Court explained, the "procedures diverge." *Id.* "For a money judgment forfeiture, the court 'must determine the amount of money that the defendant will be ordered to pay,' and upon such a determination must issue a preliminary notice of forfeiture 'setting forth the amount of any money judgment.'" *Id.* (quoting FED. R. CRIM. P. 32.2(b)(1), (b)(2)). "This order becomes final at sentencing, 'and must be made a part of the sentence and be included in the judgment.'" *Id.* at 6 (quoting FED. R. CRIM. P. 32.2(b)(3)). "There is no provision for third party involvement in the forfeiture determination: 'no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment.'" *Id.* (quoting FED. R. CRIM. P. 32.2(c)(1)).

Regarding the required hearing, the First Circuit has ruled that for the forfeiture of specific property, a jury must determine whether the government has established a nexus between the crime and the property, either by demonstrating that the property was used to commit or facilitate the crime or that the property

constituted the proceeds of the crime. *United States v. Candelaria-Silva*, 166 F.3d 19, 43 (1st Cir. 1999) ("As this Court explained in *Hurley*, the defendant has a right to have the amount subject to forfeiture determined, in the first instance, by the jury"); *United States v. Hurley*, 63 F.3d 1, 23 (1st Cir. 1995) ("The initial forfeiture is sought in the indictment and, absent a waiver of jury trial, is specified in the jury verdict"). However, by contrast, in *United States v. Ponzo*, 853 F.3d 558 (1st Cir. 2017), the First Circuit clarified that "the criminal rules do not require a jury determination in the form of a personal money judgment." *Id.* (internal punctuation omitted). Thus, the failure of a jury in this case to determine the nexus between the crimes and the property is not fatal to the Government's personal money forfeiture claim here.

### B. The Government's Failure to Follow the Rule

The issue with the Government's forfeiture request is not the failure to submit the forfeiture to the jury following the verdict, but its failure to comply with the express provisions of Rule 32.2 before the sentencing hearing itself. Rule 32.2(b)(1)(A) places an obligation on the court to determine "the amount of money that the defendant will be ordered to pay" but only if "the government seeks a personal money judgment." If the Government had sought the personal money judgment, the Court would have resolved this issue under Rule 32.2(b)(1)(B) by reviewing the evidence in the record and considering "any additional evidence or information submitted by the parties," and the Court would have conducted a hearing at either party's request. *Id.* Once it made its determination, the Court would have

issued a preliminary order "sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order bec[a]me final." Rule 32.2(b)(2)(A), (B). Then, depending on the parties' response, the preliminary order would have become final at the sentencing hearing, Rule 32.2(b)(4)(A), and the Court would have placed the forfeiture in the criminal judgment. Rule 32.2(b)(4)(B)-(C).

The Government in this case simply did not follow the Rule. It did not comply until the day of the sentencing hearing, with its obligation to notify the Court that it intended to seek a money judgment against the Defendant. It never objected to the PSR's failure to mention the Government's request for a forfeiture as an element for sentencing consideration. It failed to mention the forfeiture in its sentencing memorandum to the Court.

Nor was the Government's failure to follow the Rule without consequence. The Government disadvantaged Mr. Maldonado-Vargas by neglecting to place him on notice of its intent to seek a money judgment and thereby deprived him of his procedural right to challenge the amount of the claimed forfeiture and have the Court fix that amount before the sentencing hearing. Moreover, the Government also failed to put the Court on timely notice, which would have permitted the Court to comply with the Rule, conduct a hearing at either party's request prior to the sentencing hearing, and make the determination the Rule contemplates. In these circumstances, the Court concludes that the Government waived the right to claim a money judgment forfeiture against Mr. Maldonado-Vargas.[2]

---

[2]   Although under Rule 32.2(b)(4)(C), a court's omission of a forfeiture from the judgment is deemed excusable error, this escape hatch does not apply here, because it is available only so when a

7

## V. CONCLUSION

Because the Government waived its right to demand a money judgment forfeiture, the Court thereby DENIES the Government's request for a money judgment.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 16th day of September, 2022

---

proper preliminary order of forfeiture was issued. *See Zorrilla-Echevarría*, 671 F.3d at 10 ("[T]he fact that the district court did not initially include the forfeiture in the judgment does not render the forfeiture invalid, *given that the district court issued a preliminary notice of forfeiture* and included the forfeiture during the sentencing hearing") (emphasis added); *id.* at 8 ("The failure to include the forfeiture in the judgment, when a preliminary notice of forfeiture has issued, and at sentencing the forfeiture question was discussed, is 'largely a housekeeping' issue and 'does not itself go to any fundamental rights of defendants.'") (quoting *United States v. Yeje-Cabrera*, 430 F.3d 1, 14-15 (1st Cir. 2005)).